## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY DEAN HOWARD and | ) | |
| CRYSTAL DAWN HOWARD, as | ) | |
| Parental Guardian of Bobby Dean Howard | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-00480-TCK-FHM |
| | ) | |
| CROSSLAND CONSTRUCTION | ) | |
| COMPANY, INC. and MARK MOUDY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED OPINION AND ORDER

Before the Court are (1) Plaintiffs' Motion to Remand (Doc. 16) and (2) CompSource

Mutual Insurance Company ("CompSource")'s Motion for Intervention (Doc. 12).  For the reasons

discussed below, Plaintiffs' Motion to Remand is **DENIED** and CompSource's Motion for

Intervention is **GRANTED**.[1]

## I.    Factual Background

Plaintiff Bobby Dean Howard ("Howard") worked on "The Construction Project," located

at 7625 South Elwood Ave., Tulsa, Oklahoma.  Defendants Crossland Construction Company, Inc.

("Crossland") and Mark Moudy ("Moudy") managed this project.  Howard alleges that on June

22, 2016, he was injured while working on The Construction Project when he fell three stories

through an open and unprotected ventilation duct.  At the time of Howard's alleged injuries, he

---

[1] This Amended Opinion and Order corrects an error on Page 6 of the original Opinion and Order (Doc. 23).  The Court incorrectly cited the Oklahoma state court standard for service of process, rather than the applicable federal court standard.

was an employee of D&D Stud Welding, which was insured for its liability under the Oklahoma Administrative Workers' Compensation Act by CompSource.

On July 17, 2017, Howard and Plaintiff Crystal Dawn Howard, as Howard's parental guardian, ("Plaintiffs") filed a Petition in District Court of Tulsa County alleging premises liability, negligent activity, and general negligence. Crossland was served on July 28, 2017 and filed a Notice of Removal on August 24, 2017, on the basis of diversity jurisdiction. (Doc. 2.) Plaintiffs are citizens of Texas, and Crossland is a citizen of Kansas. (Doc. 2 ¶ 1-2.) In support of its Notice of Removal, Crossland alleges that Moudy is a resident of Oklahoma. (*Id.* ¶ 3.) However, Crossland contends Moudy was not "properly joined and served" and should not be considered for the purpose of diversity jurisdiction. Plaintiffs filed a Motion to Remand on September 21, 2017. (Doc. 16.)

## II. Plaintiffs' Motion to Remand

### A. Standard for Removal

A defendant may remove any case that originally could have been filed in federal court. *See* 28 U.S.C. § 1446(a) (2018). The defendant must file a notice of removal within thirty days of receiving the initial pleading. *See* 28 U.S.C. § 1446(b)(1) and (3) (2018). A defendant may remove on the basis of diversity jurisdiction when no plaintiff and no defendant are citizens of the same state. *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (*quoting Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). However, under the forum defendant rule, a defendant may not remove a case on the basis of diversity jurisdiction if any properly joined and served defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2) (2018). Accordingly, when removing a case on the basis of diversity jurisdiction, Defendants must demonstrate both (1) complete diversity, and (2) that no properly

joined and served defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. §§ 1332(a); 1441(b)(2) (2018).

### B.     Analysis

Plaintiffs contend that their petition is not removable due to the forum defendant rule, because Moudy is a citizen of Oklahoma. Defendants argue the case is removable because, even if Moudy is a citizen of Oklahoma, he is not "properly joined and served" under § 1441(b)(2).[2]

For the purpose of this analysis, the Court will consider Moudy a citizen of Oklahoma. When evaluating diversity, the Court will consider a person a citizen of the state where he is domiciled. *See Middleton*, 749 F.3d at 1200. A person is domiciled in a state when he resides there and intends to remain there indefinitely. *Id.* When determining a person's domicile, a court looks to the totality of the circumstances. *Id.* at 1201. In this case, Crossland and Plaintiffs agree that Moudy is a resident of Oklahoma. (Doc. 21 ¶ 11.) Moreover, Plaintiffs have alleged Moudy was engaged in the management of The Construction Project in Tulsa, Oklahoma. Without any allegations to the contrary, Moudy's residence in combination with his place of employment or business will be sufficient to establish citizenship for the purposes of this analysis only. *See Middleton*, 749 F.3d at 1201 (describing factors considered in the totality of the circumstances domicile analysis). Because the Court will consider Moudy a citizen of Oklahoma, if Moudy is properly joined and served, the forum defendant rule will prevent removal.

Courts frequently understand the "properly joined and served" requirement to prevent gamesmanship by a plaintiff who joins a forum defendant against whom he has no claim, and does not even intend to serve, simply to prevent removal. *See Magallan v. Zurich Am. Ins. Co.*, 228 F.

---

[2] Defendant also appears to argue that Moudy has been fraudulently joined. (Doc. 21 ¶ 12-14.) However, the Court will not address this argument because it finds, for the reasons set forth *infra*, that it is not necessary to determine whether Moudy has been fraudulently joined.

Supp. 3d 1257, 1260 (N.D. Okla. 2017) (internal citations omitted). There is a split of authority, however, as to whether a forum defendant must be considered when a case is removed before the forum defendant has been served. Some courts have held that when a forum defendant is named, a defendant cannot avoid the forum defendant rule by removing before the forum defendant is served, as this would create an "absurd and bizarre result." *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008); *see Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 735 (N.D. Ill. 2007).

However, this district and other Tenth Circuit courts construe the language of § 1441 literally, holding that until the forum defendant is served, he is not "properly joined and served" and may not be considered for diversity removal purposes. *See, e.g.*, *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 U.S. Dist. LEXIS 142083 (N.D. Tex. Oct. 20, 2015) ("[C]ourts should apply the plain language of section 1441(b)(2) and should not remand a nonforum defendant's snap removal."); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210 (D. Haw. 2009) (allowing removal by an out-of-state defendant despite an unserved in-state defendant because a literal interpretation of "joined and served" would not violate the purpose of the forum defendant rule and would not cause an absurd result); *but see Lone Mt. Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp. 2d 1263 (D. N.M. 2013) ("The Court is persuaded by the cases holding that a non-forum defendant cannot remove a case where there are unserved forum defendants."). The same courts have also recognized a limited exception for "absurd and bizarre," results such as removal before the plaintiff has served any defendant, or before the plaintiff has had a reasonable opportunity to serve the forum defendant. *Magallan*, 228 F. Supp. 3d at 1259-1261; *see also In re Mcgill*, 2017 U.S. Dist. LEXIS 2100, *4-*7; *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 U.S. Dist. LEXIS 43236, *6-10 (D. Kan. 2013). Accordingly, a non-forum

defendant may remove a case despite the existence of an unserved forum defendant, unless removal would cause an "absurd and bizarre result."

In this case, Plaintiffs have not yet served Moudy. In their Motion to Remand, Plaintiffs allege Moudy "may temporarily be outside of the State of Oklahoma, [but] Plaintiffs continue to seek service upon him." (Doc. 16 at ¶ 6.) There is no indication in the record that Moudy has yet been served in this case. Moudy did enter a voluntary appearance in this action, represented by the same counsel representing Crossland, but this voluntary appearance does not constitute service for the purpose of § 1441. *See In re Mcgill Revocable Living Trust*, No. 16-CV-707-GKF, 2017 U.S. Dist. LEXIS 2100, *3 (N.D. Okla. Jan. 6, 2017).

Because Moudy has not been served, removal was appropriate. Crossland is a non-forum defendant who filed its Notice of Removal within thirty days of service, as required by § 1446. Moreover, removal of this case did not create any of the "absurd and bizarre" results contemplated above, such as removal before any party has been served, *see In re Mcgill*, 2017 U.S. Dist. LEXIS 2100 at *4-*7; *FTS Int'l Servs.*, 2013 U.S. Dist. LEXIS 43236 at *6-10, or "snap" removal before Plaintiffs had a reasonable opportunity to serve the forum defendant, *see Magallan*, 228 F. Supp. 3d at 1259-1261 (citing *Breitweiser*, 2015 U.S. Dist. LEXIS 142083 and *Sullivan*, 575 F. Supp. 2d at 646). Crossland was served before it removed the case, and it removed the case twenty-seven days after it was served. Crossland could not have waited substantially longer to timely remove the case under § 1446. Moreover, these twenty-seven days allowed Plaintiffs ample time to serve Moudy. Finally, almost nine months after this case was removed, the Court still has no indication that Plaintiffs have successfully served Moudy.

In support of their Motion to Remand, Plaintiffs rely on *Snyder v. Moore*. *See* No. Civ-13-1282-L, 2014 WL 11032956 (W.D. Okla. Feb. 11, 2014) (citing *Lone Mt. Ranch, LLC v. Santa Fe*

*Gold Corp.*, 988 F. Supp. 2d 1263 (D. N.M. 2013)).  In *Snyder*, all of the defendants, including two forum defendants, were represented by the same attorney.  This attorney represented to the plaintiff that he would request authority to accept service of process on behalf of his clients, and requested that plaintiff not serve his clients over the upcoming Thanksgiving holiday.  On December 4, 2013, shortly after Thanksgiving but before the plaintiff perfected service on any defendant, the non-forum defendant removed the action on the basis of diversity.  The plaintiff later served the two forum defendants on December 19, 2013.  The court concluded that removal violated the forum defendant rule.

Plaintiffs' reliance on *Snyder v. Moore*, however, is misplaced.  Rather than representing conflicting authority, *Snyder* fits squarely within the holdings in *Magallan* and *In re McGill*.  In *Snyder*, plaintiff had no fair opportunity to serve the forum defendant before removal.  *Accord Magallan*, 228 F. Supp. 3d at 1262.  Further, removal would have created an absurd result, as no defendants had been served at the time the case was removed.  *Accord In re Mcgill*, 2017 U.S. Dist. LEXIS 2100 at *4-*7; *FTS Int'l Servs.*, 2013 U.S. Dist. LEXIS 43236 at *6-10.  Moreover, the fact that defendants' attorney appears to have delayed service upon his clients by requesting that the plaintiff not serve them over the holiday indicates that allowing removal would allow the gamesmanship that § 1441(b)(2) was intended to prevent.

Here, unlike in *Snyder*, Plaintiffs had ample time to serve Moudy, but have made no representations regarding their efforts to do so, other than stating in their Motion to Remand that they plan to serve him.  Further, the time for serving Moudy has now expired.  *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-707 (10th Cir. 2010) (pursuant to Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1448, Plaintiff had 90 days from the removal of this action, until November 22, 2017, to serve Moudy).  Accordingly, it cannot be said that "plaintiff[s] had no fair

opportunity to serve the forum defendant before removal," *Magallan*, 228 F. Supp. 3d at 1262. *Snyder v. Moore* does not change the Court's conclusion that removal was appropriate.

## III.    Motion to Intervene

CompSource filed a Motion for Intervention on September 9, 2017 (Doc. 12), pursuant to Federal Rule of Civil Procedure 24 ("Rule 24") and OKLA. STAT. ANN. tit. 85A, sec. § 43. The Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is subject to the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). CompSource alleges that, because it insured Howard's employer, D&D Stud Welding, it is both entitled to join Howard's cause of action against any third party for the injury, and has a subrogation interest in Howard's cause of action and right of recovery against Defendants.

Counsel for CompSource has represented that all parties agree that CompSource should be permitted to intervene, and that CompSource will not actively participate in the litigation, but will simply serve as a stakeholder in the outcome. Accordingly, for good cause shown, CompSource shall be permitted to intervene pursuant to Rule 24(a)(2).

## IV.    Conclusion

For reasons set forth above, Plaintiffs' Motion to Remand (Doc. 16) is **DENIED** and CompSource's Motion for Intervention (Doc. 12) is **GRANTED**.

**DATED THIS 1st day of June, 2018.**

_____
**TERENCE C. KERN**
**United States District Judge**